UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH BROWN | CIVIL ACTION |
| VERSUS | NO: 05-0102 |
| MARQUETTE TRANSPORTATION CO., INC., ET AL. | SECTION: J(3) |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter was tried before the Court, sitting without a jury, on February 12, 2007. Having considered the testimony and evidence at trial, the arguments of counsel, and applicable law, the Court now issues the following Findings of Fact and Conclusions of Law in accordance with Federal Rule of Civil Procedure 52(a).

### FINDINGS OF FACT

1.   On July 19, 2004, plaintiff Joseph Brown was employed as a leadman for Marquette Transportation Company and/or Bluegrass Marine, Inc.  Plaintiff was assigned to the JOHN PAUL ECKSTEIN, a tugboat that was scheduled to pick up several loaded barges that day.

2.   Plaintiff claims he was injured that morning when a ratchet struck his knee as he was engaged in making up the tow of the JOHN PAUL ECKSTEIN.

3.   Plaintiff claims his injury occurred when another barge was being placed at the head of the tow by an unidentified assist fleet boat.

4.   Plaintiff claims the incident occurred because the assist tug allowed the new barge to move eastward, allegedly causing the pelican hook on a ratchet to come free and strike him in the knee.

5.   The primary factual issue at trial was the identity of the assist tug that plaintiff alleges caused the accident. Plaintiff was unable to identify the tug by name.

6.   There were two different assist tugs that worked in the fleet that morning assisting the JOHN PAUL ECKSTEIN.  According to the vessel logs, the M/V SUE ELLEN was present from 0930 hours to 1450 hours.  The M/V EXPEDITER was present only from 1030 to 1130 hours.

7.   Plaintiff reported his injury as occurring at 1000 hours when he completed an accident report.  In his pretrial deposition testimony, plaintiff claimed the accident occurred between 1000 and 1030 hours, and in court testified it could not have occurred any later than 1030 hours.  Plaintiff testified

that following the accident, he finished securing the new barge in the tow, then walked the entire 200 foot length of the tow back to the JOHN PAUL ECKSTEIN, where he met his captain and reported his injury for the first time.  Plaintiff testified he talked to the captain at 1045 hours and was relieved on duty by the mate at 1100 hours.

    8.   According to the captain of the M/V EXPEDITER, that vessel was called at 1030 hours to assist, and had to travel from the East Bank to the West Bank to find and pick up a certain barge that was to be brought back to the East Bank to be added to the tow that was being assembled.  His testimony was that the earliest the M/V EXPEDITER could have arrived back on the East Bank at the tow location was 1100 hours.  By that time, according to his own testimony, plaintiff was off duty.

    9.   Although plaintiff attempted to show that he was not certain of the precise time of his accident because he was not wearing his watch that morning, his deposition testimony was that he had asked a co-worker with a watch the time only a few minutes before his injury.  The co-worker told him it was "9:54 or 9:58".  By 10:45 a.m. plaintiff had returned to his vessel and reported his injury to his captain.  He was relieved from duty by 11:00 a.m.  He filled out an accident report that same day, writing down the time of his injury as occurring at 10:00 a.m.

At 10:00 a.m. on July 19, 2004, the vessel logs clearly show that there was only one assist tug involved, the M/V SUE ELLEN.  The M/V EXPEDITER was not called to assist until 10:30 a.m. and did not actually arrive at the tow with the new barge until at least 11:00 a.m.

    10.  While plaintiff attempted to testify otherwise at trial, plaintiff testified in his deposition that the deckhand on the assist tug was a "skinny slim black dude".  His deposition testimony was that he not only observed this person within 20 feet of him, but that he spoke with him, and it was this deckhand who came over and helped plaintiff up after his accident.  The stipulated facts show that the deckhand on the M/V SUE ELLEN was in fact an African American male, while the deckhand on the M/V EXPEDITER was a Caucasian male.

    11.  The only possible evidence to support the claim that the M/V EXPEDITER was involved is plaintiff's testimony describing the vessel as having blue and white colors. The EXPEDITER was in fact blue and white, while the SUE ELLEN was red and white.  The Court finds plaintiff's testimony in this regard insufficient to overcome the other, more credible and better-corroborated evidence which shows that the EXPEDITER was not the assist tug at the relevant time.  First, plaintiff could have simply confused the colors of the two vessels considering that he

had previously worked in the same fleet and certainly had observed both vessels there on prior occasions.  Second, the Court finds that plaintiff's testimony was not credible in many respects based on his being impeached with his prior, inconsistent testimony on a number of important points.

    12.  Plaintiff has previously settled his claims against the owner of the M/V SUE ELLEN and his own employer.  Therefore, at trial the only remaining claim was plaintiff's claim against the owner of the M/V EXPEDITER.

## CONCLUSIONS OF LAW

    1.  This Court has jurisdiction over this matter pursuant to its Admiralty and Maritime jurisdiction, 28 U.S.C. § 1333. Venue is proper because all of the events at issue occurred within the Eastern District of Louisiana.

    2.  In order to recover, plaintiff must prove the negligence of the M/V EXPEDITER caused or contributed to his injury.

    3.  For the reasons explained above, the M/V EXPEDITER was not involved in plaintiff's accident or injury.

    4.  Accordingly, judgment will be rendered in favor of defendant, Ormet Primary Aluminum Corporation, and against plaintiff Joseph Brown, dismissing his claims with prejudice, at plaintiff's cost.

New Orleans, Louisiana this the 15th day of February, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE